# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 8, 2021

Lyle W. Cayce
Clerk

No. 20-20340
Summary Calendar

JARED WALDHOFF,

*Plaintiff—Appellant*,

*versus*

CITY OF HOUSTON, *doing business as* HOUSTON AIRPORT SYSTEM;
HOUSTON AIRPORT SYSTEM,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-4301

Before DAVIS, STEWART and DENNIS, *Circuit Judges*.

PER CURIAM:*

This case arose after Plaintiff, Jared Waldhoff, a Southwest Airlines mechanic who worked at Houston's Hobby Airport had his security badge taken from him. This effectively prevented him from working out of that

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20340

airport.  This occurred after a hearing examiner found, following a hearing, that Plaintiff had violated airport protocol by accessing a "sterile" area in the airport through an access other than TSA screening checkpoint.  At the time of the violation on September 9, 2019, Waldhoff was not on duty and was on his way to board a flight as a passenger.

Waldhoff sued the City of Houston and the Houston Airport System in state court alleging a number of federal claims and state and local claims.  The City of Houston removed the case to federal court.

Waldhoff raised a plethora of federal claims, including generally:  (1) defects in the hearing process other procedural violations in multiple ways that violated his procedural due process rights, (2) violation of his substantive due process rights, along with Eighth Amendment rights by imposing grossly disparate punishment for a minor first offense, (3) the airport protocol, upon which his violation was based, was vague.

The district court in a lengthy, thorough discussion of all of Plaintiff's claims found that he failed to state a federal claim under any of his legal theories upon which relief could be granted.  The court then dismissed the federal claims and remanded the pendant state and local claims to state court.

After a thorough review of the record, we agree with the careful, thorough memorandum opinion of the district court, dated May 29, 2020.  Based on the above discussion and the district court opinion, we affirm the district court judgment.  We also deny all pending motions.

AFFIRMED.